IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDRE DAILEY,

                                                OPINION and ORDER

           Plaintiff,

                                                   17-cv-577-bbc

     v.

J. HILL, MS. SUTTER, A. MOLLDRAM, E. RAY,
GARY BOUGHTON, MS. DICKMAN, JIM SCHWOCHERT,
CATHY JESS, JULIO BARRON and JOHN DOE,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Andre Dailey is incarcerated by the Wisconsin Department of Corrections at the Wisconsin Secure Program Facility. He has filed a proposed civil action under 42 U.S.C. § 1983, alleging that funds are being deducted from his inmate trust account in violation of his due process rights. His amended complaint is before the court for screening under 28 U.S.C. § 1915A. For the reasons below, I conclude that plaintiff has failed to state a federal claim upon which relief may be granted. Accordingly, I am dismissing his complaint and closing this case.

Plaintiff alleges the following facts in his complaint.

ALLEGATIONS OF FACT

On September 27, 2011, plaintiff Andre Dailey plead guilty to four counts of armed robbery, one count of first degree recklessly endangering safety and one count of possession

1

of a firearm by a felon, in Milwaukee County Case Number 2011CF3547. As part of his sentence, the circuit court ordered $134.00 restitution to be collected by the Department of Corrections from "25% of funds in accordance with Wis. Stat. § 973.05(4)(b)." The following additional charges were included on the judgment of conviction as "conditions of extended supervision": fine ($40.00); court costs ($978.00); other ($91.40); mandatory victim/witness surcharge ($552.00); and 5% restitution surcharge ($21.27). Dkt. #1-1 at 1. Plaintiff understood the judgment to mean that the restitution charges would be deducted while he was incarcerated, with the remaining costs to be paid after restitution was paid in full or while he was on extended supervision.

Sometime in 2016, plaintiff noticed that several deductions were being made from his account for court costs and other fees. Plaintiff did not believe the deductions should be occurring all at once and asked for clarification from Wisconsin Secure Program Facility's business office. In letters dated December 2, 13 and 22, 2016, defendant Dickman, a financial specialist at the prison, told plaintiff that the restitution for case number 2011CF3547 has been paid in full. Dickman explained that plaintiff has outstanding obligations for other court costs and fines that are being deducted from his account in accordance with Division of Adult Institutions Policy 309.45.02 and state statute.

OPINION

Plaintiff Dailey contends that Wisconsin Secure Program Facility's business office is deducting funds from his account contrary to the circuit court's judgment of conviction in

his criminal case, Milwaukee County case number 2011CF3547, and state statutes governing payment of restitution and other court-ordered obligations. In particular, he says that the business office is taking too many deductions simultaneously, and should instead be taking deductions in the order specified by his judgment of conviction and state statute. Plaintiff contends that the deductions violate his right to due process under the United States Constitution. However, plaintiff's allegations do not state a claim for violation of due process.

The due process clause prohibits the government from taking a person's property without notice and an opportunity to be heard. Mann v. Calumet City, Illinois, 588 F.3d 949, 954 (7th Cir. 2009). Inmates have a property interest in their prison trust account statement. Campbell v. Miller, 787 F.2d 217, 222 (7th Cir. 1986).

Plaintiff contends that the business office is deducting money from his account contrary to state law and thus, is unauthorized to do so. However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Wisconsin law has post deprivation procedures to address unauthorized deprivations of property by state officers and officials. In particular, inmates can file an offender complaint in the prison, appeal an adverse decision to the state corrections complaint examiner and receive a decision from the secretary of the Department of Corrections. Wis. Admin. Code DOC ch. 310. If an inmate disagrees with the Secretary's

decision, he can appeal to the Wisconsin state circuit court through a writ of certiorari. Hamlin v. Vaudenberg, 95 F.3d 580, 585 (7th Cir. 1996). Because plaintiff has not alleged that these remedies are inadequate to challenge the legality of the deductions from his trust account, he has failed to state a due process claim.

Finally, I note that although plaintiff has framed his claim as one under the due process clause, his claim is more appropriately characterized as a challenge to the Wisconsin Secure Program Facility business office's and the Division of Adult Institution's interpretation of a Wisconsin state statute and state court order. These are issues of state law that should be raised in state court. Accordingly, I am dismissing plaintiff's complaint for failure to state a claim under the United State Constitution or federal law.

ORDER

IT IS ORDERED that plaintiff Andre Dailey's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

Entered this 21st day of September, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge