IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDRE DAILEY,

                  Plaintiff,

     v.

J. HILL, MS. SUTTER, A. MOLLDRAM,
E. RAY, GARY BOUGHTON,
MS. DICKMAN, JIM SCHWOCHERT,
CATHY JESS, JULIO BARRON and
JOHN DOE,

                  Defendants.

ORDER

17-cv-577-bbc
Appeal no. 17-3109

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered in this case on September 21, 2017 after I dismissed plaintiff Andre Dailey's claims alleging that funds are being deducted improperly from his inmate trust account. Plaintiff contends that the deductions violate his due process rights under the United States Constitution. Now plaintiff has filed a notice of appeal with a request for leave to proceed in forma pauperis on appeal.

A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith; or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff's request for leave to proceed in forma pauperis on appeal will

1

be denied, because I am certifying that his appeal is not taken in good faith.

The Court of Appeals for the Seventh Circuit has instructed district courts to find bad faith where the plaintiff brings "claim[s] that no reasonable person could suppose to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). No reasonable person could conclude that plaintiff's claims have merit. Therefore, although I do not conclude that plaintiff is motivated by any ill will, I must certify that the appeal is not taken in good faith.

In light of this ruling, plaintiff cannot proceed with his appeal without prepaying the $505 filing fee, unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. Plaintiff must include with his motion an affidavit as described in the first paragraph of Rule 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require plaintiff to pay the full $505 filing fee before it considers his appeal further. If he does not pay the fees within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that

1. Plaintiff Andre Dailey's request for leave to proceed in forma pauperis on appeal, dkt. #20, is DENIED. I certify that his appeal is not taken in good faith.

2. Plaintiff's motion to pay the initial partial appeal fee from his release account, dkt. #17, is denied as moot.

3. The clerk of court is directed to insure that plaintiff's obligation to pay the $505 fee for filing his appeal is reflected in the court's financial records.

Entered this 1st day of November, 2017.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge